IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ATWOOD HINES | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:20-cv-00257 |
| | § | |
| STATE AUTO PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | |
| *Defendant.* | § | |

## NOTICE OF REMOVAL

Defendant State Auto Property and Casualty Insurance Company ("State Auto"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Atwood Hines v. State Auto Property and Casualty Insurance Company*; Cause No. 2020-459-CCL2; In the County Court at Law No. 2 of Gregg County, Texas.

## I.
## BACKGROUND

1.      Plaintiff Atwood Hines (hereinafter "Plaintiff") initiated the present action by filing his Original Petition in Cause No. 20-2625-393; In the County Court at Law No. 2 of Gregg County, Texas on March 4, 2020 (the "State Court Action").  *See* Plaintiff's Original Petition, attached as **Exhibit A**.  Defendant was served Plaintiff's Original Petition on April 16, 2020. **Exhibit A**.

2.      Defendant appeared and answered on May 8, 2020, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.  *See* Defendant's Original Answer, attached as **Exhibit B**.

3.        Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibits A and B**. A copy of the State Court Docket Sheet is attached as **Exhibit C**. Pursuant to Local Rule 81(c)(5), the name and address of the court from which the case is being removed is: County Court at Law No. 2, the Honorable Vincent Dulweber, Gregg County Courthouse, 101 E. Methvin, Suite 303, Longview, TX 75601.

4.        Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through his attorney of record, and to the clerk of the County Court at Law No. 2 of Gregg County, Texas.

5.        Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6.        This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.        Diversity of Parties**

7.        Plaintiff is domiciled in Gregg County, Texas.  *See* **Exhibit A**, ¶ 2.   Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

8.      State Auto Property and Casualty Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Defendant is a citizen of the State of Ohio.

9.      Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.      Amount in Controversy**

10.      It is facially apparent from Plaintiff's live petition that the amount in controversy in this case exceeds $75,000 rendering removal proper. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[1] Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount.[2]

11.      Here, Plaintiff seeks monetary relief over $100,000.  Plaintiff states in his Original Petition that "Plaintiff seeks monetary relief pursuant to Texas Rule of Civil Procedure 47(c)(3)". **Exhibit A at ¶ 5**.  Under Texas Rules of Civil Procedure, Rule 47(c) (3), a party seeks monetary relief over $100,000.00 but not more than $200,000.00.[3] The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition

12.      Plaintiff further seeks compensation for (1) actual damages, (2) mental anguish, (3) treble damages, (4) attorney's fees; and (5) pre- and post-judgment interest. **Exhibit A**, Plaintiff's Original Petition, at ¶ 29. Plaintiff has alleged that Defendant's conduct was wrongful and done knowingly, entitling him to a trebling of actual damages under Texas Insurance Code Chapter 541.

---

[1] 28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013).

[2] *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[3] Texas Rules of Civil Procedure, Rule 47, An original pleading which sets forth a claim for relief, whether an original petition, counterclaim, cross-claim, or third party, shall contain: (c) except in suits governed by the Family Code, a statement that the party seeks: (3) monetary relief over $100,000.00 but not more than $200,000.00.

**Exhibit A**, Plaintiff's Original Petition, at ¶ 22(d); Tex. Ins. Code sections 541.002 & 541.152. Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[4]

13.     The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**.  Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

14.     Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

15.     WHEREFORE, Defendant State Auto Property and Casualty Insurance Company hereby provides notice that this action is duly removed.

*(Signatures on following page.)*

---

[4] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Ethan D. Carlyle
Texas Bar No. 24031794
ecarlyle@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT**
**STATE AUTO PROPERTY AND**
**CASUALTY INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing instrument has been served via Certified Mail and Email this the 13th day of May, 2020 to:

Mike Love
Sam Johnson
Dakota Fandry
Mike Love & Associates, LLC
202 Lufkin Ave.
Lufkin, TX 75901
mikelove@texaslawoffice.com
sam.johnson@texaslawoffice.com
dfandry@texaslawoffice.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp