CAUSE NO. 2020-459-CCL2

| | | |
|---|---|---|
| ATWOOD HINES | § | IN THE ~~DISTRICT COURT~~ COUNTY COURT AT LAW 2 |
| V. | § § § | ____ ~~JUDICIAL DISTRICT~~ |
| STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY | § § | GREGG COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION
## AND REQUEST FOR DISCLOSURE

Plaintiff, Atwood Hines, files this original petition and request for disclosure against Defendant, State Auto Property & Casualty Insurance Company and alleges as follows:

### DISCOVERY-CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of TEXAS RULE OF CIVIL PROCEDURE 190.3.

### PARTIES

2. Plaintiff, Atwood Hines, is an individual residing in Gregg County at 4900 Dollahite, Longview, TX 75608.

3. Defendant, State Auto Property & Casualty Insurance Company (hereinafter referred to as "State Auto"), a foreign insurance carrier, organized and existing under the laws of Illinois and authorized to conduct business in Texas, may be served with process via certified mail, return receipt requested by serving its designated agent for service of process, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION

4. The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

5. Plaintiff seeks monetary relief pursuant to TEXAS RULE OF CIVIL PROCEDURE 47(c)(3).

6. Venue in Gregg County is proper in this cause pursuant to § 15.002(a)(1) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## REQUEST FOR DECLARATORY JUDGMENT

7. Plaintiff seeks declarations pursuant to Chapter 37 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE also known as the Uniform Declaratory Judgment Act.

8. Plaintiff seeks a declaration of the rights and privileges of the parties to this suit with regard to the State Auto Property & Casualty Insurance Company underinsured motorist coverage provision of insurance policy ATX0054603.

## BACKGROUND FACTS

9. The underlying incident occurred on or about April 14, 2018 at approximately 10:08PM in Longview, Gregg County, Texas. At that time, Plaintiff was traveling northbound on Gilmer Road. Caroline Green, an underinsured motorist, was traveling southbound on Gilmer Street and stopped in the middle turn lane. Caroline Green failed to yield the right of way and turned left directly into the path of Plaintiff. On August 28, 2018, Plaintiff presented an underinsured motorist claim to State Auto Property & Casualty Insurance Company.

## PLAINTIFF'S RIGHTS TO UNDERINSURED MOTORIST BENEFIT

10. At the time of the collision which resulted in Plaintiff's injuries and damages, Caroline Green was operating an underinsured motor vehicle, as the term is defined in the State Auto Property & Casualty Insurance Company policy of insurance. Plaintiff, Atwood Hines, timely and properly notified Defendant, State Auto Property & Casualty Insurance Company, of the accident. Plaintiff has fully complied with all the conditions of the above-mentioned insurance policy prior to bringing this suit. All conditions precedent have been performed or have occurred. However, Defendant has failed and refused to pay Plaintiff the underinsured motorist benefit under its policy, as it is contractually required to do so. The damages Plaintiff is legally entitled to recover as a proximate result of the incident in question include, but are not limited to, the following elements of damage:

   a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Atwood Hines, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in such area;

   b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

   c. Physical pain and suffering in the past and future;

   d. Mental anguish in the past and future; and,

   e. Physical impairment in the past and future.

## CAUSES OF ACTION
## BREACH OF WARRANTIES

11. Although Plaintiff, Atwood Hines, fully cooperated with Defendant, State Auto Property & Casualty Insurance Company, and despite the fact that all conditions precedent to his recovery of benefits and attorney fees have occurred, Defendant has failed and refused to pay to Plaintiff the benefits due under the contract of insurance with Defendant, which was in full force and effect at the time of the occurrence which forms the basis of this lawsuit.

12. In reliance upon the representations, advertisements, recommendations and special knowledge and expertise of Defendant, Plaintiff purchased the insurance policy in question from Defendant which was represented to confer specific rights, remedies, benefits and insurance coverages. Pursuant to the express terms of the contract of insurance, Defendant has breached its duties to Plaintiff.

## BREACH OF THE DUTY OF GOOD FAITH & FAIR DEALING

13. Under Texas law, insurers owe its insureds a duty of good faith and fair dealing. *Universal Life Insurance Co. v. Giles*, 950 S.W.48 (Tex. 1997). Due to the special relationship that exists between an insurance company and its insured, an insurance company is liable for breaching its duty of good faith and fair dealing owed to its insured when an insurance company fails to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim when insurers liability is reasonably clear, as it is in this case.

14. Defendant, State Auto Property & Casualty Insurance Company, further breached its duties of good faith and fair dealing by failing and refusing to comply with Texas laws concerning Plaintiff's claims. Specifically, the Texas Legislature enacted Chapter 542 of the TEXAS INSURANCE CODE also known as the Unfair Claim Settlement Practices Act to prohibit insurance companies and their representatives from engaging in Unfair Claim Settlement Practices. The Act mandates that "No insurer doing business in this state under the authority, rules and regulations of this code shall engage in unfair claim settlement practices."

15. In violation of the Unfair Claim Settlement Practices Act, Defendant and its agents, employees and representatives, conducted prohibited acts and practices including, but not limited to, the following:

   a. Knowingly misrepresenting to claimant pertinent facts or policy provisions relating to coverages at issue;

   b. Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policy;

   c. Failing to adopt and implement reasonable standards for prompt investigation of claims arising under its policy;

   d. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear;

   e. Compelling policyholder to institute suit to recover amounts due under its policy by offering substantially less than the amounts ultimately recovered in suits brought by them; or,

   f. Failure of any insurer to maintain information required by TEXAS INSURANCE CODE §542.005.

16. Thus, due to Defendant's breach of the duty of good faith and fair dealing and Defendant's failure and refusal to pay Plaintiff's claim(s), Plaintiff has incurred actual damages, including:

    a. All benefits owed under the policy;

    b. Additional non-economic damages including mental anguish;

    c. Additional interest due to the delay in payment of this claim; and,

    d. Attorney fees.

17. In addition, Defendant's conduct was committed with malice.[1] Further, because Defendant has ratified and approved of the actions of its agents, employees and representatives including, who maliciously and wrongfully denied and delayed Plaintiff's claims, Plaintiff is entitled to recover punitive damages.

**STATUTORY VIOLATIONS OF TEXAS INSURANCE CODE CHAPTER 541**

18. The Texas Legislature enacted Chapter 541 of the TEXAS INSURANCE CODE to regulate trade practices in the business of insurance by: (1) defining or providing for the determination of trade practices in this state that are unfair methods of competition or unfair or deceptive acts or practices; and (2) prohibiting those trade practices. Further, the legislature made it clear that this Act "shall be liberally construed and applied to promote

---

[1] "Malice" means:
A. A specific intent to cause a substantial injury; or
B. An act or omission:
(i) which when viewed objectively from the standpoint of DEFENDANT or its agents, employees or representatives, at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
(ii) of which DEFENDANT or its agents, employees or representatives, had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of its insureds.

its underlying purposes as set forth in this section." *See* TEXAS INSURANCE CODE §541.008.

19. In violation of Chapter 541 of the TEXAS INSURANCE CODE, Defendant knowingly[2] and intentionally engaged in unfair methods of competition and unfair and deceptive acts or practices in the business of insurance by engaging in Unfair Settlement Practices with respect to a claim by an insured or beneficiary including, but not limited to:

  a. Misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

  b. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:

   i. a claim with respect to which the insurer's liability has become reasonably clear;

   ii. a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the coverage unless payment under one portion of the coverage constitutes evidence of liability under another portion;

  c. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

  d. Failing within a reasonable time to affirm or deny coverage of a claim;

  e. Refusing, failing, or unreasonably delaying an offer of settlement under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy;

  f. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim; and,

---

[2] Under Article '541.002 of the Texas Insurance Code, **"Knowingly"** means actual awareness of the falsity, unfairness, or deceptiveness of the act or practice on which a claim under Subchapter D is based. "Actual awareness" may be inferred if objective manifestations indicate that a person acted with actual awareness.

 g. With respect to a Texas personal auto policy, delaying or refusing settlement of a claim solely because there is other insurance of a different type available to satisfy all or part of the loss forming the basis of that claim.

## MISREPRESENTATION OF INSURANCE POLICY

20. Further, pursuant to TEXAS INSURANCE CODE §541.061, Defendant has engaged in unfair methods of competition or unfair or deceptive acts or practices in the business of insurance to misrepresent an insurance policy by:

 a. making an untrue statement of material fact;

 b. failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

 c. making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; or

 d. making a material misstatement of law.

## REQUESTED RELIEF PURSUANT TO CHAPTER 541 OF THE TEXAS INSURANCE CODE

21. Pursuant to TEXAS INSURANCE CODE §541.151, a person such as Plaintiff who sustains actual damages may bring an action against another person for those damages caused by the other person engaging in an act or practice: (1) defined by Subchapter B to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance; or (2) specifically enumerated in Section 17.46(b), Business & Commerce Code, as an unlawful deceptive trade practice if the person bringing the action shows that the person relied on the act or practice to the person's detriment.

22. In a lawsuit filed under Chapter 541, any plaintiff who prevails may obtain:

    a. The amount of actual damages plus court costs and reasonable and necessary attorneys' fees;

    b. An order enjoining such acts or failure to act complained of;

    c. Any other relief which the court deems proper; or

    d. On a finding by the trier of fact that the defendant knowingly committed the act complained of, the trier of fact may award an amount not to exceed three times the amount of actual damages.

Plaintiff hereby asserts him claims against Defendant for all damages pursuant to TEXAS INSURANCE CODE §541.151 as set out herein.

## VIOLATIONS OF THE TEXAS ADMINISTRATION CODE

23. TEXAS ADMINISTRATIVE CODE §28.201 et seq. provides that "No insurer shall engage in unfair claim settlement practices." Plaintiff, Atwood Hines alleges that Defendant, State Auto Property & Casualty Insurance Company, engaged in unfair claim settlement practices violating the following subsections of the TEXAS ADMINISTRATION CODE:

    a. misrepresenting pertinent facts or policy provisions relating to coverages at issue to claimaints;

    b. failing to adopt and implement reasonable standards for prompt investigation of claims arising under their policies;

    c. not attempting in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear;

    d. compelling policy holders to institute suits to recover amounts due under their policies by offering substantially less than the amounts ultimately recovered in suits brought by them;

    e. not attempting in good faith to settle promptly claims where liability has become reasonably clear under one portion of the policy in order to influence settlement under other portions of the policy coverage;

    f. failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;

    g. undertaking to enforce a full and final release from a policyholder when, in fact, only a partial payment has been made; and,

    h. refusing to pay claims without conducting a reasonable investigation based upon available information.

24. Plaintiff would show that Defendant's employees were at all applicable times a "person" as that term is defined in TEXAS INSURANCE CODE § 541.002 of the and that all or part of Defendant's violations described herein were committed by and through its employees and other currently unknown employees and agents.

**STATUTORY VIOLATIONS OF TEXAS INSURANCE CODE 542.051 - 542.061**

25. In the processing of Plaintiff's claims, Defendant, State Auto Property & Casualty Insurance Company, knowingly and intentionally violated TEXAS INSURANCE CODE §§542.055 - 542.058. Because Defendant is 1) liable to Plaintiff, Atwood Hines, for a claim under the insurance policy and 2) Defendant is not in compliance with this subchapter, then Defendant is "liable to pay the holder of the policy or the beneficiary making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable attorney fees." Because suit had to be filed, the attorney fees shall be taxed as part of the costs in the case. Plaintiff further asserts that Defendant is liable for a separate 18% penalty for each separate violation of this subchapter.

## REMEDIES ARE NOT EXCLUSIVE

26.     Further, pursuant to TEXAS INSURANCE CODE §542.061, the remedies provided by this subchapter are in addition to any other remedy or procedure provided by law or at common law.

## DECEPTIVE TRADE PRACTICE CLAIMS

27.     Plaintiff, Atwood Hines, purchased a policy of insurance and paid valuable consideration in the form of premiums to Defendant, State Auto Property & Casualty Insurance Company, for protection and for coverage in the event of a loss. As a consumer, Plaintiff is entitled to the protections afforded by the Texas Legislature. Specifically, the legislature enacted the Texas Deceptive Trade Practice - Consumer Protection Act (DTPA) which requires that the Act "shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection."

28.     Pursuant to the DTPA, it is unlawful to engage in false, misleading, or deceptive acts or practices in the conduct of any trade or commerce. Defendant and its agents, employees, and representatives have knowingly and intentionally engaged in false, misleading, or deceptive acts or practices including, but not limited to, the following:

   a. Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

   b. Causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;

c. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has sponsorship, approval, status, affiliation, or connection which he does not;

d. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

e. Advertising goods or services with intent not to sell them as advertised;

f. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve or which are prohibited by law; and

g. Failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

29.   Pursuant to TEXAS BUSINESS AND COMMERCE CODE §17.50, Plaintiff relied to him detriment upon the statements, representations and warranties of Defendant, its agents, employees or representatives in deciding to purchase insurance with Defendant as well as initially trusting Defendant to properly and timely handle his claims. Moreover, the actions and the course of action of Defendant, its agents, employees and representatives have been unconscionable, including but not limited to the use or employment of acts or practices in violation of Chapter 541 and 542 of the TEXAS INSURANCE CODE which have been and continue to be a producing cause of economic damages and mental anguish suffered by Plaintiff. As such, Plaintiff is entitled to maintain an action against Defendant as well as its agents, employees and representatives for such prohibited acts or practices. Plaintiff seeks recovery of all damages allowed by law for Defendant's violation of the

DTPA including all actual damages owed under the policy, mental anguish, treble damages, attorney fees, pre and post judgment interests and costs of court.

## ATTORNEY FEES

30.  As a result of Defendant's conduct complained of in this petition, Plaintiff was required to engage the services of the law firm of **MIKE LOVE & ASSOCIATES, L.L.C.** in order to pursue this Declaratory Judgment Action. Plaintiff, therefore, seeks reimbursement of reasonable attorney fees pursuant to Chapter 37 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, Chapter 542 of the TEXAS INSURANCE CODE, and the DTPA.

## REQUEST FOR JURY TRIAL

31.  Plaintiff respectfully asserts him right to trial by jury.

## REQUEST FOR DISCLOSURE

32.  Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in TEXAS RULE OF CIVIL PROCEDURE 194.2(a)-(l).

## PRAYER

33.  For these reasons, Plaintiff, Atwood Hines, asks that the Court issue citation for Defendant, State Auto Property & Casualty Insurance Company, to appear and answer, and that Plaintiff be awarded a judgment against Defendant for the following:

   a. Actual damages;

   b. Prejudgment and postjudgment interest;

   c. Statutory damages;

d. Attorney fees;

e. Court costs; and,

f. All other relief to which Plaintiff is entitled.

Respectfully Submitted,

**MIKE LOVE & ASSOCIATES, L.L.C.**
202 East Lufkin Avenue
Lufkin, Texas 75901
Tel. 936.632.2000
Fax 936.632.2005

By: _____
Mike Love
State Bar No. 24004778
Sam Johnson
State Bar No. 24047672
Dakoda Fandry
State Bar No. 24105848
mikelove@texaslawoffice.com
sam.johnson@texaslawoffice.com
dfandry@texaslawoffice.com

***ATTORNEYS FOR PLAINTIFF***
***ATWOOD HINES***

Kawola Fisher
484 Sunny Dr.
Livingston, TX 77351

State Ato Property & Casualty Insurance Company
C.A. Corporation Service Company
211 East 7th Street, Ste 620
Austin, TX 78701-3218



STAT211  773  CE 1  N  C7204/13/20
UNABLE TO FORWARD/FOR REVIEW**C015**